

Peter Holmes
CTY-LYCOMING
277 W. Third Street
Williamsport, PA  17701

Re: 1:01-cv-00135

--------------------------------

--------------------------------

Please file all pleadings directly with the Clerk's Office in which the assigned Judge is located. Do not file any courtesy copies with the Judge's Chambers.

| JUDICIAL OFFICERS: | CLERK'S OFFICE ADDRESS: |
|---|---|
| Judge Sylvia H. Rambo<br>Judge Yvette Kane<br>Judge William W. Caldwell<br>Magistrate Judge J. Andrew Smyser | U.S. District Court<br>  228 Walnut Street<br>P.O. Box 983<br>Harrisburg, PA  17108 |
| Chief Judge Thomas I. Vanaskie<br>Judge A. Richard Caputo<br>Judge James M. Munley<br>Judge William J. Nealon<br>Judge Richard P. Conaboy<br>Judge Edwin M. Kosik<br>Magistrate Judge Malachy E. Mannion<br>Magistrate Judge Thomas M. Blewitt | U.S. District Court<br>235 N. Washington Ave.<br>  P.O. Box 1148<br>Scranton, PA  18501 |
| Judge James F. McClure<br>Judge Malcolm Muir | U.S. District Court<br>240 West Third Street<br>Suite 218<br>Williamsport, PA  17701 |

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PETER HOLMES, :
:
      Plaintiff :
:
  v. : CIVIL NO. 1:CV-01-135
:
DAVID DESMOND, ET AL., : (Judge Kane)
:
      Defendants :

FILED
HARRISBURG, PA

MAR 1 5 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

ORDER

### Background

Peter Holmes, an inmate at the Lycoming County Prison in Williamsport, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Along with his complaint, Plaintiff submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. The named Defendants are Warden David Desmond, Kevin DeParlos and Tim Mahoney of the Lycoming County Prison.

Plaintiff generally alleges that on December 4, 2000, he was told to work despite having a bad back and neck, and despite the fact that he was very sick. When Holmes refused to work, he was subjected to disciplinary action. His complaint additionally indicates that he is still being forced to work and not being

provided with needed treatment for his neck and back.  Plaintiff seeks injunctive relief, and compensatory and punitive damages.

**Discussion**

Regarding the exhaustion of administrative remedies, 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"This provision makes no distinction between an action for damages, injunctive relief, or both.  Thus, prisoners are required to exhaust available administrative remedies prior to initiating a prison conditions case brought pursuant to 42 U.S.C. § 1983 or any other federal law."  Fortes v. Harding, 19 F. Supp. 2d 323, 325 (M.D. Pa. 1998); see also Rankins v. Murphy, Civ. No. 98-1669, 1998 WL 767441, at *1 (E.D. Pa. November 3, 1998). Furthermore, the Third Circuit, in holding that "prison conditions" includes excessive force claims, has indicated that § 1997e(a) applies to all prisoner lawsuits.  Booth v. Churner, 206 F.3d 289, 298 & n. 9 (3d Cir. 2000), cert. granted, 121 S.Ct. 377 (Oct. 30, 2000).

Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law.  The DOC has a Consolidated

2

Inmate Grievance Review System. DC-ADM 804 (effective October 20, 1994). With certain exceptions not applicable here, DC-ADM 804, Section VI ("Procedures"), provides that after attempted informal resolution of the problem a written grievance may be submitted to the Grievance Coordinator. The section further provides that an appeal from the Coordinator's decision in writing to the Facility Manager or Community Corrections Regional Director, and that a final written appeal may be presented to the Chief Hearing Examiner.

Effective May 1, 1998, the Department of Corrections amended DC-ADM 804 to provide that a prisoner, in seeking review through the grievance system, may include requests for "compensation or other legal relief normally available from a court." DC-ADM 804-4 (issued April 29, 1998). Further, the amendment requires that "[g]rievances must be submitted for initial review to the Facility/Regional Grievance Coordinator within fifteen (15) days after the events upon which the claims are based," but allows for extensions of time for good cause, which "will normally be granted if the events complained of would state a claim of a violation of a federal right." Id.

In light of the Third Circuit's decision in Booth, § 1997e(a) is applicable to Holmes' present claims. On the question of administrative exhaustion, Holmes acknowledges that he filed a

3

grievance concerning the facts relating to this complaint. However, in contrast, Plaintiff also indicates that the prison does not have a grievance procedure. Doc. No. 1, ¶ II(A). He adds to the confusion by stating that his grievance process is not yet complete. Id. at (C). Based on Holmes' responses, this Court is unable to reach a conclusion as to the issue of exhaustion of administrative remedies.

Accordingly, within ten (10) days of the date of this order, Plaintiff must demonstrate to the Court that he has exhausted his administrative remedies with respect to the facts alleged in his complaint or that there is no available grievance procedure. In so doing, he should specify exactly what administrative steps, if any, he has taken and on what date, as well as specifically state the result reached and the date of that result.

Plaintiff is forewarned that his failure to timely comply with this order or his failure to demonstrate exhaustion will result in this case being dismissed without prejudice for failing to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). See Pew v. Imschweiler, Civil Action No. 96-0760 (M.D. Pa. September 12, 1996) (Kosik, J.); Lubawski v. Horn, Civil Action No. 96-1371 (M.D. Pa. July 29, 1996) (Rambo, C.J.); Brooks v. Superintendent Lunk of Div. 10, No. 96C3221, 1996 WL 308268, at *2 (N.D. Ill. June 5, 1996).

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Within ten (10) days of the date of this order, Plaintiff must submit a written response to the court demonstrating that he has exhausted his administrative remedies with respect to the facts alleged in his complaint or that the prison lacks a grievance procedure. His response should detail what administrative steps, if any, he has taken and on what date, as well as specifically state the result reached and the date of the result.

2. Plaintiff's failure to timely comply with this order or his failure to demonstrate exhaustion will result in the dismissal of this case pursuant to 42 U.S.C. § 1997e(a).

*Yvette Kane*

YVETTE KANE
United States District Judge

Dated: March 15, 2001

YK:jvw

5