UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PETER HOLMES,                    :
                                 :
         Plaintiff               :
                                 :
    v.                           :    CIVIL NO. 1:CV-01-0135
                                 :
DAVID DESMOND, ET AL.,           :    (Judge Kane)
                                 :
         Defendants              :

### ORDER

### Background

This civil rights action pursuant to U.S.C. § 1983 was initiated by Peter Holmes, an inmate at the Lycoming County Prison, Williamsport, Pennsylvania. Plaintiff also seeks leave to proceed in forma pauperis. Named as Defendants are Warden David Desmond, Kevin DeParlos and Tim Mahoney of the Lycoming County Prison.

His complaint, which is dated December 28, 2000, maintains that on the morning of December 4, 2000, he "was told to work with a bad back and neck and I was very sick at the time." (Doc. 1, ¶ IV (1-2).) When Holmes did "not go to this job", he

was apparently subjected to disciplinary action. Id. at (2). Plaintiff adds that the prison is making him work without a work permit. He seeks compensatory and punitive damages, as well as injunctive relief, i.e., that he be provided with proper medical attention.

By order dated March 15, 2001, Plaintiff was granted ten (10) days in which to "demonstrate to the Court that he has exhausted his administrative remedies with respect to the facts alleged in his complaint or that there is no available grievance procedure." (Doc. 7, page 4.) Holmes was also forewarned that failure to timely comply or demonstrate either exhaustion of administrative remedies or lack of an institutional grievance procedure would result in dismissal of his action, without prejudice, under 42 U.S.C. § 1997e(a).[1]

The relevant time period has passed and Holmes has neither responded to the Court's order nor sought an enlargement of time in which to do so. Furthermore, a review of the record reveals

---

[1] § 1997e(a) provides as follows:
> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

2

that a copy of the March 15, 2001 order which was mailed to the Plaintiff at the Lycoming County Prison was returned as undeliverable with the notation "NOT HERE RETURN TO SENDER." (Doc. 8.)

Based on Plaintiff's noncompliance with the Court's order of March 15, 2001, and his failure to demonstrate either exhaustion of available administrative remedies or the lack of an available prison grievance procedure, his action is hereby dismissed without prejudice pursuant to § 1997e(a). See Booth v. Churner, et al., 206 F.3d 289, 300 (3d Cir.); cert. granted, 121 S.Ct. 377 (2000); Ahmed v. Sromovski, et al. 103 F. Supp.2d 838, 846 (E.D. Pa. 2000); Lubawski v. Horn, et al., Civil Action No. 96-1371 (M.D. Pa. July 29, 1996) (Rambo, C.J.).

Furthermore, Holmes' apparent failure to keep this Court informed of his current address constitutes a lack of compliance with a requirement of the Court's Standing Practice Order which was issued on January 25, 2001 (Doc. 5).[2] The Plaintiff's' failure to apprise the court of his new address also warrants dismissal of his action for both failure to prosecute and comply

---

[2] The Standing Practice Order notified Holmes that he has an affirmative obligation to keep the court advised of his address and that failure to do so would result in his action being deemed abandoned.

3

with a court order.  See Federal Rule of Civil Procedure 41(b); Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).  An appropriate order will enter.

NOW, THEREFORE, THIS 14th DAY OF May, 2001, IT IS HEREBY ORDERED THAT:

1. Based on the Plaintiff's lack of compliance with this Court's order of March 15, 2001 and his failure to demonstrate exhaustion of administrative remedies his action is hereby dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

2. The Clerk of Court is directed to close the case.

YVETTE KANE
United States District Judge

YK:jvw

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

May 14, 2001

Re:  1:01-cv-00135    Holmes v. Desmond

True and correct copies of the attached were mailed by the clerk to the following:

Peter Holmes
CTY-LYCOMING
277 W. Third Street
Williamsport, PA  17701

cc:
Judge                              ( )              (✓) Pro Se Law Clerk
Magistrate Judge                   ( )              ( ) INS
U.S. Marshal                       ( )              ( ) Jury Clerk
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      ( )
Federal Public Defender            ( )
Summons Issued                     ( )  with N/C attached to complt. and served by:
                                        U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5                ( )
Order to Show Cause                ( )  with Petition attached & mailed certified mail
                                        to:  US Atty Gen  ( )    PA Atty Gen ( )
                                             DA of County ( )    Respondents ( )

Bankruptcy Court                   ( )
Other _____       ( )

                                              MARY E. D'ANDREA, Clerk

DATE: _____5/14/01_____             BY: _____
                                              Deputy Clerk