OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
U. S. COURTHOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

OFFICIAL BUSINESS

U S OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300
$0.550
METER 5590023
05-14-01 PA

NOT HERE
RETURN TO SENDER

FILED
HARRISBURG
MAY 22 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

RTS RETURN TO SENDER
☐ INSUFFICIENT ADDRESS
☐ ATTEMPTED NOT KNOWN
☐ NO SUCH NUMBER/STREET
☐ NOT DELIVERABLE AS ADDRESSED
☐ UNABLE TO FORWARD
☐ OTHER

NOT HERE
RETURN TO SENDER

```
Peter Holmes
CTY-LYCOMING
277 W. Third Street
Williamsport, PA  17701


         Re: 1:01-cv-00135

         ------------------------------




         ------------------------------

Please file all pleadings directly with the Clerk's Office in which
the assigned Judge is located.  Do not file any courtesy copies
with the Judge's Chambers.
```

| JUDICIAL OFFICERS: | CLERK'S OFFICE ADDRESS: |
|---|---|
| Judge Sylvia H. Rambo<br>Judge Yvette Kane<br>Judge William W. Caldwell<br>Magistrate Judge J. Andrew Smyser | U.S. District Court<br>228 Walnut Street<br>P.O. Box 983<br>Harrisburg, PA  17108 |
| Chief Judge Thomas I. Vanaskie<br>Judge A. Richard Caputo<br>Judge James M. Munley<br>Judge William J. Nealon<br>Judge Richard P. Conaboy<br>Judge Edwin M. Kosik<br>Magistrate Judge Malachy E. Mannion<br>Magistrate Judge Thomas M. Blewitt | U.S. District Court<br>235 N. Washington Ave.<br>P.O. Box 1148<br>Scranton, PA  18501 |
| Judge James F. McClure<br>Judge Malcolm Muir | U.S. District Court<br>240 West Third Street<br>Suite 218<br>Williamsport, PA  17701 |

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PETER HOLMES,                          :
                                       :
        Plaintiff                      :
                                       :
    v.                                 :   CIVIL NO. 1:CV-01-0135
                                       :
DAVID DESMOND, ET AL.,                 :   (Judge Kane)
                                       :
        Defendants                     :

FILED
HARRISBURG, PA

MAY 14 2001

MARY E. D'ANDREA, CLERK
PER_____
        DEPUTY CLERK

### ORDER

**Background**

This civil rights action pursuant to U.S.C. § 1983 was initiated by Peter Holmes, an inmate at the Lycoming County Prison, Williamsport, Pennsylvania. Plaintiff also seeks leave to proceed in forma pauperis. Named as Defendants are Warden David Desmond, Kevin DeParlos and Tim Mahoney of the Lycoming County Prison.

His complaint, which is dated December 28, 2000, maintains that on the morning of December 4, 2000, he "was told to work with a bad back and neck and I was very sick at the time." (Doc. 1, ¶ IV (1-2).) When Holmes did "not go to this job", he

was apparently subjected to disciplinary action. <u>Id.</u> at (2). Plaintiff adds that the prison is making him work without a work permit. He seeks compensatory and punitive damages, as well as injunctive relief, i.e., that he be provided with proper medical attention.

By order dated March 15, 2001, Plaintiff was granted ten (10) days in which to "demonstrate to the Court that he has exhausted his administrative remedies with respect to the facts alleged in his complaint or that there is no available grievance procedure." (Doc. 7, page 4.) Holmes was also forewarned that failure to timely comply or demonstrate either exhaustion of administrative remedies or lack of an institutional grievance procedure would result in dismissal of his action, without prejudice, under 42 U.S.C. § 1997e(a).[1]

The relevant time period has passed and Holmes has neither responded to the Court's order nor sought an enlargement of time in which to do so. Furthermore, a review of the record reveals

---

[1] § 1997e(a) provides as follows:
> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

2

that a copy of the March 15, 2001 order which was mailed to the Plaintiff at the Lycoming County Prison was returned as undeliverable with the notation "NOT HERE RETURN TO SENDER." (Doc. 8.)

Based on Plaintiff's noncompliance with the Court's order of March 15, 2001, and his failure to demonstrate either exhaustion of available administrative remedies or the lack of an available prison grievance procedure, his action is hereby dismissed without prejudice pursuant to § 1997e(a). See Booth v. Churner, et al., 206 F.3d 289, 300 (3d Cir.); cert. granted, 121 S.Ct. 377 (2000); Ahmed v. Sromovski, et al. 103 F. Supp.2d 838, 846 (E.D. Pa. 2000); Lubawski v. Horn, et al., Civil Action No. 96-1371 (M.D. Pa. July 29, 1996) (Rambo, C.J.).

Furthermore, Holmes' apparent failure to keep this Court informed of his current address constitutes a lack of compliance with a requirement of the Court's Standing Practice Order which was issued on January 25, 2001 (Doc. 5).[2] The Plaintiff's' failure to apprise the court of his new address also warrants dismissal of his action for both failure to prosecute and comply

---

[2]. The Standing Practice Order notified Holmes that he has an affirmative obligation to keep the court advised of his address and that failure to do so would result in his action being deemed abandoned.

3

with a court order.  See Federal Rule of Civil Procedure 41(b); Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).  An appropriate order will enter.

NOW, THEREFORE, THIS 1~~rd~~ DAY OF ~~April~~ May, 2001, IT IS HEREBY ORDERED THAT:

1. Based on the Plaintiff's lack of compliance with this Court's order of March 15, 2001 and his failure to demonstrate exhaustion of administrative remedies his action is hereby dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

2. The Clerk of Court is directed to close the case.

_____
YVETTE KANE
United States District Judge

YK:jvw